IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

vs.                                    Case Nos.: 1:12cr5/WTH/GRJ
                                              1:16cv200/WTH/GRJ

ELIAS SALOMON PEREZ-MONGE,
    Petitioner.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody." (ECF No. 64.) The Government filed a response in opposition to the motion. (ECF No. 66.) After a review of the record and the arguments presented, the Court concludes that Petitioner's motion should be denied.

## BACKGROUND and ANALYSIS

Elias Salomon Perez-Monge was charged on February 29, 2012 in a two count indictment with possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two).

(ECF No. 12.) Petitioner pleaded guilty as charged on November 8, 2012, represented by retained counsel Matthew Farmer. (ECF No. 46.)

Petitioner's final Presentence Investigation Report ("PSR") reflects that he was held accountable for 1.73 kilograms of methamphetamine and thus had a base offense level of 34. (ECF No. 48, PSR ¶ 19.) After a three level adjustment for acceptance of responsibility, his total offense level was 31. (ECF No. 48, PSR ¶ 28.) No Chapter Four enhancements were applicable to his case. (ECF No. 48, PSR ¶ 27.) Petitioner had no criminal history points, and thus a criminal history category of I. (ECF No. 48, PSR ¶¶ 32, 33.) The applicable guidelines range on Count One was 108 to 135 months. (ECF No. 48, PSR ¶ 57.) Count Two carried a mandatory consecutive five year term pursuant to U.S.S.G. § 2K2.4(b). (ECF No. 48, PSR ¶¶ 56, 57). Petitioner was sentenced to a mid-range term of 120 months imprisonment on Count One, followed by 60 months imprisonment on Count Two. (ECF No. 49). He did not appeal.

Petitioner filed his initial § 2255 motion on June 1, 2016 pursuant to the prison mailbox rule.[1] (ECF No. 62 at 6.) The court directed him to file an

---

[1] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing.   See Houston v. Lack, 487 U.S. 266, 276

Case Nos.: 1:12cr5/WTH/GRJ; 1:16cv200/WTH/GRJ

amended motion on the proper court form, and the amended motion, dated August 29, 2016, is currently before the court. Petitioner raises a single ground for relief. He claims that he no longer qualifies for a sentencing enhancement under § 924(c) after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Johnson*, the Supreme Court invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives

---

(1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule");  Williams v. McNeil, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 1:12cr5/WTH/GRJ; 1:16cv200/WTH/GRJ

*or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B)(i) and (ii). The Supreme Court ruled in <u>Johnson</u> that the residual clause violates the Constitution's guarantee of Due Process due to vagueness. *Johnson*, 135 S.Ct. at 2563. *Johnson* is a substantive rule of constitutional law that applies retroactively on collateral review. *Welch v. United States*, 136 S.Ct. 1257 (2016).

      Petitioner analogizes the residual clause of the ACCA to similar language referencing a "crime of violence" contained within 18 U.S.C. § 924(c)(1)(A). (ECF No. 64 at 16.) That statute provides in pertinent part that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime" be subject to additional penalties, depending on the nature of the conduct. 18 U.S.C. § 924(c)(1)(A). Petitioner's discussion of the statute in his memorandum does not acknowledge that his conviction on Count Two rested not on a crime of violence but rather on the drug trafficking crime charged in Count One of the indictment. (*See* ECF No. 12.) As such, even assuming the holding in

*Johnson* is properly extended to § 924(c)(1)(A), *Johnson* has no application to Petitioner's case, and he is not entitled to relief.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation

by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, (ECF No. 64), should be **DENIED**.

2. A certificate of appealability should be **DENIED**.

**IN CAHMBERS** at Gainesville, Florida, this 24th day of February, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 1:12cr5/WTH/GRJ; 1:16cv200/WTH/GRJ